**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| VANESSA SMITH, | § |
| | § |
|    Plaintiff, | § |
| | §  CIVIL ACTION NO. |
| v. | § |
| | §  Jury Trial Demanded |
| PREMIERE CREDIT OF NORTH AMERICA, LLC, | § |
| | § |
|    Defendant. | § |

## **COMPLAINT**

### NATURE OF ACTION

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiff Vanessa Smith is a natural person residing in the City of Dallas, Texas.

5. Ms. Smith's alleged obligation, asserted to be owed or due a creditor other than Defendant, is alleged to have arisen from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a student loan (the "Debt").

6. Ms. Smith is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Premiere Credit of North America, LLC ("Premiere") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect an alleged "debt" from Ms. Smith, as that term is defined by 15 U.S.C. § 1692a(5).

8. According to information on its website, Premiere is "one of the nation's leading accounts receivable management firms" with over $4 billion of active inventory. *See* http://www.premierecredit.com.

9. Premiere also describes itself as "a trusted accounts receivable management partner for the federal government, universities, guaranty agencies, private lenders and many other asset class creditors." http://www.premierecredit.com/about-us/about-us.aspx.

10. Premiere is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

11. Premiere is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Premiere.

12. Premiere uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. In connection with the collection of the Debt, Premiere sent Ms. Smith an initial written communication dated October 23, 2012, which provided an alleged amount owed of $10,308.95 for a "student loan account" and stated in relevant part:

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt to be valid.

See October 23, 2012 Correspondence, attached as Exhibit A.

14. Premiere's October 23, 2012 correspondence failed to meaningfully convey to Ms. Smith the notice required by 15 U.S.C. § 1692g(a)(3) because it would lead the least sophisticated consumer to believe that the validity of the debt could only be disputed in writing when the plain language of Section 1692g(a)(3) indicates that disputes need not be made in writing.

15. Premiere did not, within five days after the October 23, 2012 correspondence, send the notice required by 15 U.S.C. § 1692g(a)(3).

16. In the alternative, by advising Ms. Smith that she must dispute the validity of the debt in writing, the October 23, 2012 correspondence includes language that is inconsistent with the notice required under 15 U.S.C. § 1692g(a)(3).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)

17. Ms. Smith repeats and re-alleges each and every factual allegation contained above.

18. Section 1692g(a)(3) of the FDCPA requires that a debt collector, either in its initial communication with a consumer in connection with the collection of any debt or within five days thereof, provide the consumer with a written notice containing "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3).

19. The October 23, 2012 letter was Premiere's initial written communication to Ms. Smith.

20. The October 23, 2012 letter did not contain the notice required by Section 1692g(a)(3), nor did Premiere provide that notice to Ms. Smith in writing within five days

thereafter.

21. Premiere violated 15 U.S.C. § 1692g(a)(3) by requiring the consumer's dispute to be made in writing, when the plain language of 15 U.S.C. § 1692g(a)(3) indicates that disputes need not be made in writing.

22. Premiere violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Ms. Smith, in its initial communication with her or in writing within five days thereof, that unless Ms. Smith disputes the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid.

WHEREFORE, Ms. Smith prays for relief and judgment, as follows:

   a) Adjudging that Premiere violated 15 U.S.C. § 1692g(a)(3);

   b) Awarding Ms. Smith statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   c) Awarding Ms. Smith reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   d) Awarding Ms. Smith pre-judgment and post-judgment interest as permissible by law; and

   e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

23. Ms. Smith repeats and re-alleges each and every factual allegation contained above.

24. Section 1692g(b) of the FDCPA prohibits communications during the 30-day period for disputing the debt that are "inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

25. Therefore, in the alternative, Premiere violated Section 1692g(b) because the October 23, 2012 initial written communication advises Ms. Smith that she must dispute the validity of the debt in writing and therefore includes language that is inconsistent with the notice required under Section 1692g(a)(3).

WHEREFORE, Ms. Smith prays for relief and judgment, as follows:

a) Adjudging that Premiere violated 15 U.S.C. § 1692g(b);

b) Awarding Ms. Smith statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

c) Awarding Ms. Smith reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

d) Awarding Ms. Smith pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Ms. Smith is entitled to and hereby demands a trial by jury.

Respectfully submitted this 27th day of June, 2013,

By: s/Joseph Panvini
Joseph Panvini
WEISBERG &MEYERS, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
Telephone: (888) 595-9111 ext. 125
Facsimile: (866) 565-1327
jpanvini@AttorneysForConsumers.com

        Kirk Claunch
        Texas Bar No. 04326075
        Jim Claunch
        Texas Bar No. 04326000
        2912 West Sixth Street
        Fort Worth, Texas 76107
        Telephone: (817) 335-4003
        Facsimile: (817) 335-7112

        *Attorneys for Plaintiff*
        VANESSA SMITH